ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. State Bar No.: 116039)
Assistant United States Attorney
Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2484
     Facsimile: (213) 894-6436
     E-mail: dennis.mitchell@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-419-DMG |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>PAISANO MEAT, INC.</u> |
| v. | ) |
| PAISANO MEAT, INC., and JOSE CRUZ LOPEZ PEREZ, | ) |
| Defendants. | ) |

1.  This constitutes the plea agreement between Paisano Meat, Inc. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in [the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count four of the indictment in <u>United States v. Paisano Meat, Inc., et al</u>, CR No. 10-419-DMG.

    b) Not contest facts agreed to in this agreement.

    c) Abide by all agreements regarding sentencing factors contained in this agreement.

    d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

    a) Not contest facts agreed to in this agreement.

    b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

d) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count four (violation of Title 21, United States Code, Sections 610(c)(1), 601(m)(1), (8), 676(a), the following must be true: 1. Defendant sold or offered to sell a meat food product in commerce; 2. the meat food product sold or offered for sale by defendant was capable of use as human food and was adulterated at the time it was sold or offered for sale; and 3. in selling of offering to sell the adulterated meat food product, defendant acted with an intent to defraud. Defendant admits that defendant is, in fact, guilty of this offense as described in count four of the indictment.

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 610(c)(1), 601(m)(1), (8), 676(a) is: a five year period of probation, a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $400.

## SUSPENSION/REVOCATION/DEBARMENT

6. Defendant understands that if defendant holds any regulatory license or permit the conviction in this case may result in the suspension or revocation of such license and/or permit. By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

## FACTUAL BASIS

7. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 8 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between in or about May 2008 and May 2009, in the County of Los Angeles, defendant was a California corporation. Co-defendant Jose Cruz Lopez Perez ("co-defendant Lopez Perez) was the President and owner of defendant. During this period:

    A. Defendant prepared and sold raw meat product that was adulterated with sulfite and capable of use as human food;

    B. Co-defendant Lopez Perez caused the raw meat product to be adulterated with sulfites in order to give defendant's raw meat product a fresher and more red-colored appearance;

    C. When defendant's raw meat product, adulterated with sulfite and capable of use as human food, was prepared and sold, co-defendant Lopez Perez knew that sulfite was not allowed to be added to raw meat product;

    D. Co-defendant Lopez Perez caused defendant to conceal the fact that defendant was adulterating its raw meat product by hiding one or more containers of sulfite product in an attic and by making sure he or one of his employees added sulfite to defendant's raw meat product only when federal meat inspectors were not present at one of defendant's meat processing plants.

## SENTENCING FACTORS

8. Defendant understands that in determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a)

factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

9. Except as set forth in paragraph 3(d), defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guideline factors.  Except as set forth in paragraph 3(d), both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history score and category, base offense level, specific offense characteristics, adjustment, departures, and variances.

## WAIVER OF CONSTITUTIONAL RIGHTS

10. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    d) The right to confront and cross-examine witnesses against defendant.

    e) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

    f) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

11.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12.  Defendant agrees that, provided the Court imposes a term of probation and fine of no more than the statutory maximum on the count of conviction, defendant gives up the right to appeal all of the following: (a) the procedures and calculation used to determine and impose any portion of the sentence; (b) the fine imposed by the Court; (c) the term of probation imposed by the Court, provided it is within the statutory maximum; and (d) any of the following conditions of probation imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court.

13.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of probation of no less than three years, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

14.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of

all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (I) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

15. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

16. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a

guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

17. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

18. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

19. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

20. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant

will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

21. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

22. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____   2-16-11
DENNIS MITCHELL            Date
Assistant United States Attorney

_____   2-16-11
Authorized Representative of   Date
PAISANO MEAT, INC.
Defendant

_____   2-16-11
JOSE MEDINA               Date
Attorney for Defendant
PAISANO MEAT, INC.

## CERTIFICATION OF DEFENDANT

As an authorized representative of defendant Paisano Meat, Inc., a California corporation ("defendant") I have had this agreement read to me in Spanish, the language I understand best. I understand the terms of this agreement, and I voluntarily agree to those terms. Defendant's attorneys have advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation provided by defendant's attorneys in this matter.

_____[signature]_____  2-16-11
Authorized Representative of         Date
Paisano Meat, Inc.
Defendant

CERTIFICATION OF INTERPRETER

I, <u>Claudia Lancaster</u> am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to Jose Cruz Lopez Perez on this date.

_____      __2/16/11._____
[INTERPRETER'S NAME]                Date
Interpreter

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Paisano Meat Inc.'s attorney. I have carefully discussed every part of this agreement with the authorized representative of defendant. Further, we have fully advised the authorized representative of defendant's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To our knowledge, the decision of defendant and its authorized representative to enter into this agreement is an informed and voluntary one.

_____   2-16-11
JOSE MEDINA                 Date
Attorney for Defendant
PAISANO MEAT, INC.

14